UNITED STATES DISTRICT COURT
WESERN DISTRICT OF NEW YORK

DANCORP INVESTORS, INC.,

                Plaintiff,

-vs-                                        02-CV-6012 (CJS)(P)

KING PAR GOLF INCORPORATED
D/B/A KNIGHT GOLF COMPANY,

                Defendant.

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES**

HARRIS BEACH LLP
Attorneys for Plaintiff
99 Garnsey Road
Pittsford, New York 14534
Telephone 585-419-8800

## PRELIMINARY STATEMENT

Plaintiff Dancorp Investors, Inc. ("Dancorp") submits this memorandum of law in reply to defendant King Par Golf Incorporated's ("King Par") opposition to Dancorp's motion for an order compelling King Par to produce its financial statements, tax returns and other documents responsive to Dancorp's First Request for Production of Documents.

## ARGUMENT

### DANCORP IS ENTITLED TO THE REQUESTED DISCOVERY BECAUSE IT IS MATERIAL AND RELEVANT TO ITS PATENT INFRINGEMENT CLAIMS.

As outlined in Dancorp's principal brief at pages 1 through 3, the financial statements and tax returns sought are relevant to the issue of the damages awardable for King Par's infringement of Dancorp's patent. A patent owner's claim for damages may be based upon a reasonable royalty or upon the profits lost by the patent owner as a result of the alleged infringement. King Par's profits (which the financial documents sought would disclose) are relevant to both methods of calculating damages.

In its principal brief, Dancorp cited Funai Electric Co., Ltd. v. Orion Elec. Co., Ltd., where the court compelled the production of financial statements and other financial documents as "clearly relevant" to the determination of damages. 2002 W.L. 1808419, No. 02-Civ. 2605, at *7 (S.D.N.Y. Aug. 7, 2002); accord, Get-A-Grip, II, Inc. v. Hornell Brewing Co., Inc., 1999 W.L. 1285825, No. CIV A 99-1332, *4 (E.D. Pa. Dec. 21, 1999) (allowing discovery of financial documents as relevant to a reasonable royalty calculation); Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255

1

(M.D. N.C. 2001) (motion to compel financial statements granted). Notably, King Par fails to mention, let along distinguish, this authority.

Pursuant to the rationale in Funai and other cases, Dancorp is entitled to unredacted copies of King Par's annual reports as well as the other financial statements and documents requested. Full disclosure of these materials is necessary for Dancorp to ensure that it has complete and accurate information on King Par's profits.[1]

With respect to its tax returns, King Par admits that they are not privileged and that the Court should compel their production unless the information is readily available from other sources.[2] (King Par's Br., at p. 2). It does not dispute that the party resisting the disclosure of tax returns has the burden of demonstrating the availability of other sources for the requested information. E.g., Bunzman v. Springfield Redevel. Auth., 146 F.R.D. 30 (D. Mass. 1993); Patrick Carter Assocs., Inc. v. Rent Stabilization Assoc. of N.Y.C., Inc., 1992 W.L. 167387, No. 89 Civ. 7716 (WCC) (S.D.N.Y. June 26, 1992).

King Par, however, fails to meet its burden of showing that the information contained in its tax returns is available from other sources. It argues simply that Dancorp can compute King Par's gross profits on the sale of infringing bags from the total number of infringing bags sold and the gross selling prices as reported by King Par.

---

[1] King Par criticizes Dancorp for not having rescheduled the deposition of King Par's witness, Mr. Biafore, and not having viewed the limited portions of its annual reports that it agreed to make available at that time. It is pointless to schedule Mr. Biafore's deposition until King Par has produced all of its relevant documents. Furthermore, Dancorp scheduled a time to review King Par's documents in Michigan the week of January 9, 2004, but this appointment was cancelled by King Par due to client unavailability.

[2] King Par also objects to the request for tax returns on the grounds that they were not requested by the Dancorp. However, Dancorp requested "financial documents, including income statements, operating expenses and sources and uses of funds derived from the sale of golf bags equipped with the accused device." (December 2, 2003 Slifkin Aff., Ex. "B"). This request is sufficiently broad to cover tax returns. Indeed, King Par never objected to Dancorp's demand for tax returns as beyond the scope of its document requests when Dancorp addressed the issue in correspondence. (Id. at ¶3 & Ex. "C"; See Local Rule 37 Certification, Ex. "B").

2

Indeed, nearly an entire page of King Par's opposition brief (page 4) is devoted to a primer on what Dancorp "needs" to "evaluate" King Par's profits.

The discovery to which Dancorp is entitled is not limited to what King Par believes Dancorp "needs" -- it is entitled to all relevant materials that are reasonably calculated to lead to the discovery of admissible evidence. E.g., National Congress of Puerto Rican Rights v. City of New York, 194 F.R.D. 105 (S.D.N.Y. 2000); see also, Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229 (W.D.N.Y. 1998). King Par cannot avoid its discovery obligations by making baseless assertions that the information contained in the tax returns (or other financial documents) is irrelevant.[3]

All of the information requested is needed to determine and verify the extent of King Par's gross profits, and what expenses King Par will claim as a credit against its gross profits figure to arrive at its net profits. The information provided by King Par to date appears to consist of informal tallies of sales figures and prices not generated by any recognizable accounting program or database; moreover, the information has not been verified under oath by a representative of King Par. Dancorp needs the requested information to cross-check the information received from King Par with information gleaned from reliable sources, such as King Par's business records.

---

[3] For example, King Par's profits from the sale of infringing bags can be determined using King Par's gross profits from its business (such as the figures reported on its tax returns) multiplied by the percentage of its total bags that are infringing.

3

## CONCLUSION

For the foregoing reasons, Dancorp's motion to compel responses to its First Request for Production of Documents should be granted in all respects, along with such other and further relief as the Court deems just and proper.

Dated: January 9, 2004
       Rochester, New York

                HARRIS BEACH LLP

                *[signature]*

                Paul J. Yesawich, III
                Neal L. Slifkin
                Laura W. Smalley
                Attorneys for Plaintiff
                99 Garnsey Road
                Pittsford, New York 1453

P:\668.doc
1/9/2004 1:35:56 PM

AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
COUNTY OF MONROE ) SS.:

        Karen J. Jenness, being duly sworn, deposes and says that I reside in the Town of Irondequoit, New York; I am over twenty-one years of age, and am a legal secretary for the office of Harris Beach LLP. That on the 9th day of January, 2004 before five-thirty o'clock p.m., at the City of Rochester, County of Monroe and State of New York, deponent served a copy of the annexed upon the following:

Marshall G. MacFarlane, Esq.
Young & Basile, P.C.
2001 Commonwealth Boulevard
Suite 301
Ann Arbor, Michigan 48105

by causing a true copy thereof, properly and securely enclosed in a sealed wrapper for Federal Express marked for Monday, January 12 a.m. delivery.

        I have also sent (via messenger) a courtesy copy to Judge Marian W. Payson.

_____
Karen J. Jenness

Sworn to before me this
9th day of January, 2004.

_____
Notary Public

AMY M. DANN
Notary Public, State of New York
Qualified in ... County
NO. 01DA5... 658
Commission Expires May 12, 2007