UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IZZO GOLF, INC.,
F/K/A Dancorp Investors, Inc.,

               Plaintiff,

                                             02-CV-6012T
                                             **DECISION**
               v.                           **and ORDER**

KING PAR GOLF INCORPORATED,
d/b/a Knight Golf Company,

               Defendant.

_____


_____*"How many legs does a dog have if you call the tail a leg?*

*Four.  Calling the tail a leg does not make it a leg."*

                                  Abraham Lincoln
_____(attributed)
_____

## **INTRODUCTION**

The plaintiff in this case has filed a motion for reconsideration asking the court to revisit the issue of what constitutes a "strap opening" with respect to plaintiff's patented invention of a dual strap system for carrying a golf bag. Plaintiff contends that the court misapprehended plaintiff's argument, and seeks to clarify its position as to which area between two strap ends constitutes a strap opening. Calling an area a strap opening, however, does not make that area a strap opening, and for the reasons set forth below, I deny plaintiff's motion for reconsideration.

Plaintiff Izzo Golf, Inc., ("Izzo") moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of this Court's July 5, 2007 Decision and Order granting in-part and denying in-part defendant King Par Golf, Incorporated's motion for summary judgment.  Specifically, Izzo seeks reconsideration of this court's holding that the defendant's "new style" golf bag does not infringe upon Claim 14 of plaintiff's United States Patent No. 5,042,704 (hereinafter "the '704 patent").   In support of its motion, Izzo contends that this court may have misapprehended its argument with respect to how the defendant's new style bag allegedly infringes upon Claim 14 of the '704 Patent, and invites the Court to reconsider the issue of infringement.   Defendant opposes plaintiff's motion on grounds that because the plaintiff has failed to cite new evidence or authority in support of its motion, relief cannot be granted relief pursuant to Rule 59(e).

## DISCUSSION

The relevant facts of this case are discussed at length in my July 5, 2007 Decision and Order, and familiarity with those facts is presumed.  In summary, the '704 patent, entitled "Dual Strap Carrying System for Golf Bags" generally discloses a carrying-strap designed to evenly distribute the weight of a golf bag across both shoulders of the person carrying the bag.  The strap system can also be used to carry a golf bag across only one shoulder.

Claim 14 of the '704 Patent discloses:

In a golf bag to be carried by a person, a golf bag having an elongated enclosure including a surrounding sidewall, a closed end and an open end whereby golf clubs may be inserted lengthwise into said golf bag through the open end, the improvement comprising:

a shoulder strap assembly disposed externally of said sidewall including first and second strap members, each of said strap members having opposite ends;

first and second securing means for securing each of said opposite ends of said first strap member to longitudinally spaced locations on said sidewall including a first location proximate said open end and a second location longitudinally spaced from said first location whereby said first strap member defines a first strap opening through which one arm of the person can be inserted; and

third and fourth securing means for securing each of said opposite ends of said second strap member to longitudinally spaced locations on said sidewall to define a second strap opening that another arm of the person can be inserted through said second strap opening whereby said golf bag can be selectively supported on one shoulder by said first strap member to incline downwardly across the back of the person carrying said golf bag and can be selectively supported on both shoulders by said first and second strap members with said golf bag extending transversely across the back of the person carrying said golf bag.

As I stated in my July 5, 2007 Decision and Order, "Claim 14 . . . discloses the use of two straps, with each strap having an end for a total of four strap ends. ... The Claim ... require[s] . . . that the two ends of each strap define a 'strap opening' which is the open space through which a user's arm is inserted for purposes of picking up and carrying the bag in its intended manner." July 5, 2007 Decision and Order at p. 29.  For purposes of illustration and discussion, I identified each of the four ends separately as "End A", "End B", "End C", and "End D".  <u>See</u> July 5, 2007 Decision and Order at p. 18, Illustration 5.  That Illustration is reproduced here for ease of reference.  Claim 14 further requires that the attachment points of the strap ends be "longitudinally spaced." <u>Id.</u>



Izzo contends that the defendant's new style bag infringes upon claim 14 of the '704 patent because the ends of each strap member are attached in a way to make them longitudinally spaced.  In support of this argument, Izzo contends that Ends A and D form one strap member, defining one strap opening, and that Ends B and C form the second strap member, defining the second strap

opening.[1]  Izzo argues that because Ends A and D are longitudinally
spaced, as are Ends B and C, the new style bag reads on every
element of Claim 14 of the '704 Patent, and therefore, the new
style bag infringes on the '704 Patent.  Izzo suggests that this
court misapprehended Izzo's argument with respect to which strap
ends form a strap member and strap opening, and contends that based
on its clarification, the court must find, at the very least, that
there is a question of fact as to which strap ends form a strap
member and strap opening, and therefore, summary judgment on the
issue of infringement is inappropriate.

This court, however, quite clearly understood Izzo's argument,
and expressly rejected it.  As I stated in my July 5, 2007 Decision
and Order:

> Because the ends of each strap must define the
> strap opening, neither the plaintiff nor any
> other party may simply characterize any pair
> of the four ends of the two straps as being

---

[1] I note that Izzo has, on this motion, presented the court
with an exemplar new style golf bag in which the four strap ends
are marked with "A", "B", "C", and "D") When looking at the bag
standing upright, with the handle facing the viewer, the strap
end attached to the right of the handle towards the top of the
bag is marked as "A"; the end attached to the left of the handle
towards the top of the bag is marked as "B"; the end attached to
the right of the handle towards the bottom of the bag is marked
as "C", and the end attached to the left of the handle towards
the bottom of the bag is marked as "D". Plaintiff's
identification differs from the Court's identification of the
ends as set forth in Illustration Number 5 from the July 5, 2007
Decision and Order, reproduced above.  In the Court's
Illustration, the top left strap end is identified as End A, the
top right strap end is identified as End B, the bottom left strap
end is identified as End C, and the bottom right strap end is
identified as End D.  In this Decision and Order, I continue to
use the Court's original nomenclature.

        the ends of a single strap.  <u>Instead, only</u>
        <u>those ends which define a strap opening can be</u>
        <u>considered the ends of a single strap</u>.

July 5, 2007 Decision and Order at p. 31-32. (second emphasis
added).  I further reiterated that based on the language of the
'704 Patent, as construed by Judge Siragusa in his <u>Markman</u> ruling,
"[a] 'strap opening' is defined as 'an opening for the arm of a
user, formed by a section of strap as it extends from one securing
point to another.'" July 5, 2007 Decision and Order at p. 9 (citing
the July 26, 2006 Decision and Order of the Hon. Charles Siragusa,
District Judge, at p. 15).

        Based on Judge Siragusa's construction, I held that Ends A
and C could not constitute a single strap member because those ends
did not define a strap opening.  July 5, 2007 Decision and Order at
p. 32.  Specifically, I stated that because the user's arms and
shoulders fit between Ends A and B, and Ends C and D respectively,
strap ends A and B, and C and D, respectively, defined the two
strap openings.

        Izzo now contends that this court should have considered
whether or not Ends A and D form a strap member defining a strap
opening, not whether Ends A and C form a strap member defining a
strap opening.  The distinction, however, does not result in a
different conclusion.  Again, because the strap ends <u>must</u> define
the strap opening, only those ends which define the opening can be
considered the ends of a single strap, and it is that set of strap

ends which are subject to the restriction that they be longitudinally spaced.  Given the limitations of Claim 14, Ends A and D cannot form a single strap member because those strap ends do not define a strap opening.  While it is true that a user's arm and shoulder fit between Ends A and D, (and, for that matter, Ends A and C ) those ends do not form the strap opening because--for the strap to be operable--the user's arm and shoulder must be placed between ends A and B.  If the user's arm and shoulder are placed between Ends B and D (a configuration in which the user's arm and shoulder are still technically between Ends A and D) the strap can not function in the manner described in the '704 Patent, because the strap opening for the user's other shoulder and arm would become inaccessible.  This is true because if the user's arm and shoulder are placed between Ends B and D, the strap opening that is supposed to be formed by Ends B and C cannot be accessed (unless, of course, the user's other arm and shoulder are placed between Ends C and D).  In short, Izzo's proposed construction of the strap ends and corresponding strap openings results in strap openings which overlap one another; strap openings in which only part of the entire strap opening is functional; and strap openings where the functionality of the opening is dependant upon where the user places his arm and shoulder in relation to the other strap of the golf bag.  None of those interpretations is supported by the '704 patent, and indeed, such interpretations are foreclosed by the fact

that the '704 Patent requires that only the strap ends of a single strap member may define the strap opening.

In support of its motion for reconsideration, plaintiff has submitted a video demonstration to the Court demonstrating how the new style bag is worn by a user of the bag.  This demonstration, however, does not support the plaintiff's interpretation, and instead, confirms this court's finding that only Ends A and B, and Ends C and D, respectively, form strap members that define strap openings.  In the video demonstration, the user is shown placing the new style bag across his shoulders.[2]  As the user is placing his right arm through the strap, a narrator states that: "The user places his right arm in the opening between points B [court's End A] and C [court's End D]."  The user, however, quite clearly places his right arm in between point B [court's End A] and point A [court's End B].  And while it is true that the right arm is in between point B [court's End A] and point C [court's End D], (and for that matter, between point B [court's End A] and point D [court's End C]), the opening through which the user's right arm extends is <u>defined</u> by point B [court's End A] and point A [court's End B], and by no other ends.  This is verified by the fact that if the strap is to be functional, the user's right arm <u>can</u> <u>not</u> extend

_____

    [2] As stated earlier, plaintiff has chosen to utilize a different naming convention than that utilized by the court. When referencing the video, I will use the identifying labels chosen by the plaintiff, with the court's identifying labels in brackets.

through the opening if it is to the right of point A [court's End
B]. Although the right arm would still be extended in the opening
between point B [court's end A] and point C [court's End D], the
strap would not function. The strap can only function when the
right arm is placed in between point B [court's end A] and point A
[court's End B]. Accordingly, the first strap opening is the area,
and only the area defined by Ends A and B.

The absence (in the video) of an attempt to place the user's
right arm in between points A [court's End B] and C [court's end D]
of the new style bag is telling. Under plaintiff's theory, the
strap opening is defined by points B [court's end A] and C [court's
end D], and therefore, where the arm is placed in relation to point
A [court's End B] should be immaterial. However, it is clear from
the video that the strap will not function if the right arm is
placed to the right of point A [court's End B] (between points A
[court's End B] and C [court's end D]), and will work only if it is
placed to the left of point A [court's End B], a location that is
between point B [court's End A] and point A [court's End B].
Again, because the opening is functional only if the ends are
defined by points B [court's End A] and A [court's End B], the
first strap opening is limited to the opening defined by those
points.

Finally, defendant seeks clarification with respect to two
typographical errors contained in my July 5, 2007 Decision and

Order.  For purposes of clarification, I hold that the "old-style" King Par bag infringes Claims 1, 2, and 14 of the '704 Patent; the old-style bag does not infringe upon Claim 8 of the '704 patent; and no finding of infringement or noninfringement is made with respect to whether the old-style bag infringes Claim 7 of the '704 Patent.

CONCLUSION

        For the reasons set forth above, I deny plaintiff's motion for reconsideration.


        ALL OF THE ABOVE IS SO ORDERED.


                                        S/ Michael A. Telesca
                            _____
                                  MICHAEL A. TELESCA
                            United States District Judge


Dated:    Rochester, New York
          May 27, 2008