UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IZZO GOLF, INC.,
f/k/a Dancorp Investors, Inc.,

                              DECISION AND ORDER
                        Plaintiff,

      -v-                                 02-CV-6012 CJS

KING PAR GOLF INCORPORATED
d/b/a KNIGHT GOLF COMPANY,
                        Defendants.
_____

APPEARANCES

For the Plaintiff:                Neal L. Slifkin, Esq.
                                 Laura W. Smalley, Esq.
                                 Harris Beach LLP
                                 99 Garnsey Road
                                 Pittsford, New York 14534

For the Defendant:            Marshall G. MacFarlane, Esq.
                                 Young & Basile, P.C.
                                 2001 Commonwealth Blvd., Suite 301
                                 Ann Arbor, Michigan 48105

                                 Andrew P. Zappia, Esq.
                                 Nixon Peabody LLP
                                 900 Clinton Square
                                 P.O. Box 31051
                                 Rochester, New York 14603-1051

INTRODUCTION

This is an action alleging the infringement of a patent for a "dual strap carrying system for golf bags." More specifically, plaintiff Izzo Golf, Inc. ("Plaintiff"), the maker of the Izzo strap system for golf bags, alleges that defendant King Par Golf, Inc. ("Defendant"), a competing maker of golf bags, manufactured bags with straps that infringe Plaintiff's patent,

U.S. Patent No. 5,042,704 ("the patent"). Now before the Court is Defendant's motion to stay the proceedings pending re-examination of the patent by the United States Patent and Trademark Office ("PTO"). The application is denied.

BACKGROUND

The facts of this case have been set forth in numerous prior decisions in this action, and need not be repeated. It is sufficient to note the following facts. On January 8, 2002, Plaintiff commenced the subject action, alleging that Defendant's golf bags infringed claims 1, 2, 7, 8, 11, and 14 of the patent. Defendant produced two types of bag, the "old style" bag and the "new style" bag, and Plaintiff maintained that both bags infringed the patent. Discovery was completed in 2004. On September 27, 2005, the parties appeared before the Honorable Victor E. Bianchini, United States Magistrate Judge, for a settlement conference, but were unable to reach a settlement. On November 30, 2005, the undersigned conducted a *Markman* hearing, to construe claims 1, 8, and 14 of the patent, and on July 26, 2006, the Court issued a Decision and Order [#76] construing those claims. On July 5, 2007, the Honorable Michael A. Telesca, Senior United States District Judge, issued a Decision and Order [#107], granting in part and denying in part Defendant's motion for summary judgment. In that regard, Judge Telesca found that Defendant's "new style" bag did not infringe the patent. However, Judge Telesca granted partial summary judgment for Plaintiff, finding that the "old style" bag infringed claims 1, 2, and 14 of the patent. Judge Telesca further ruled that the "old style" bag did not infringe claims 8 or 11 of the patent.[1] On May 27, 2008,

---

[1] As for claim 7 of the patent, Judge Telesca denied summary judgment, finding that "[t]he evidence of record [was] insufficient for the Court to make a determination." (Decision and Order [#107] at 37).

2

Judge Telesca issued a Decision and Order [#138], denying Plaintiff's motion for partial reconsideration of his summary judgment decision.

Subsequently, on June 16, 2008, Judge Telesca issued a Decision and Order [#139], denying Defendant's motion for an order declaring claims 1,2, 7, and 14 to be invalid, on grounds of "obviousness" in light of prior art. In that regard, Defendant maintained that the claims were obvious in light of "U.S. Patents 4,487,347[("Endee")]; 2,707,009; 2,820,498; and 2,853,111 [("Williams")], and Japanese Patents 6-36843, 50-149169, and 57-149070." *Id*. at 9. Judge Telesca disagreed and denied the application. Defendant had also asked Judge Telesca to find that the patent was obvious in light of several other prior art patents, namely: U.S. Patents 3,622,056, 2,665,727, 3,435,867, 4,879,768, as well as Australian Patent 21,419/35, and Australian Patent Application 8606-593-A." *Id*. at 22. However, Judge Telesca granted Plaintiff's motion to strike those additional patents, since Defendant had not disclosed them during discovery. *Id*. at 23.

On April 22, 2009, Defendant filed an *ex parte* application with the PTO, seeking reexamination of Plaintiff's patent. In support of the application, Defendant cited several of the patents cited in the preceding paragraph, including at least one of the patents that Judge Telesca had stricken from consideration in this action. On May 13, 2009, the PTO granted Defendant's request for reexamination.

On December 1, 2009, the Court scheduled this matter for a pretrial conference, to clarify the issues that remain for trial, and to set a trial date. (Pretrial Conference Order [#143]). On December 8, 2009, Defendant filed the subject motion to stay this action, pending the outcome of the reexamination by the PTO. (Motion to Stay [#144]). On December 18, 2009, Plaintiff filed papers opposing the application. On December 21, 2009,

3

counsel for the parties appeared before the undersigned. Counsel agree that, apart from the reexamination by the PTO, the action is ready for trial, and the issues remaining for trial are: 1) whether Defendant willfully infringed the patent; and 2) damages.

ANALYSIS

It is clear that "[a] motion to stay an action pending the resolution of a related matter in the PTO is directed to the sound discretion of the court. *K.G. Motors, Inc. v. Specialized Bicycle Components, Inc.*, No. 08-CV-6422T, 2009 WL 2179129 at *2 (W.D.N.Y. Jul. 22, 2009) (citation and internal quotation marks omitted). Moreover,

> Three factors generally deserve consideration in determining whether to stay a litigation pending reexamination by the PTO: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Id.* at *3 (citations omitted).

Plaintiff contends that it would be prejudiced by a stay, although its arguments in that regard are actually more concerned with Defendant's unreasonable delay in seeking reexamination. As far as any actual prejudice, Plaintiff contends that reexamination is a lengthy process, such that a stay would unduly prejudice Plaintiff "virtually *per se*." (Plaintiff's Memo of Law [#146] at 3) (*citing Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 407 (W.D.N.Y. 1999). The parties agree that the delay could be lengthy. Accordingly, the Court finds that this factor weighs against a stay.

Plaintiff also maintains that reexamination will not simplify the issues in this case. In that regard, Plaintiff argues that the Court has already upheld the validity of the patent, and that "[t]he only outstanding issue is damages (an issue not relevant to the PTO and not

4

passed upon)." (Plaintiff's Memo of Law at 4). However, a determination by the PTO that the patent was invalid would result in the dismissal of the action. Alternatively, the PTO's determination could eliminate certain claims, which would simply the issues for trial. Therefore, this factor weighs in favor of granting a stay.

Finally, Plaintiff maintains that a stay should be denied because of the procedural posture of the case. In that regard, discovery is completed, the Court has conducted a *Markman* hearing and ruled on dispositive motions, and the case is ready for trial. The Court agrees that the procedural posture of the case weighs heavily against granting a stay. *See, Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d at 407-408 (Denying a stay where case was ready for trial and the defendant had delayed seeking reexamination until after court denied defendant's summary judgment motion).

Considering all of the relevant factors, the Court finds that a stay is not warranted.

CONCLUSION

For the foregoing reasons, Defendant's motion for a stay [#144] is denied.

Dated:	January 4, 2010
	Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge